**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| NELLI SIMONYAN, | No. 07-72713 |
| Petitioner - Petitioner, | Agency No. A075-687-459 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Nelli Simonyan, a native of the former Soviet Union and citizen of Armenia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

RA/Research

application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS* 336 F.3d 989, 992 (9th Cir. 2003), and we grant the petition for review and remand.

The agency found Simonyan was not credible because her testimony was inconsistent with her witness's testimony with respect to her October 1998 arrest, and because of discrepancies regarding the date she claimed the police arrested her. Substantial evidence does not support these adverse credibility findings because Simonyan was not given an opportunity to explain these discrepancies. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-93 (9th Cir. 2009).

Substantial evidence also does not support the BIA's alternate conclusion that a presumption of a well-founded fear was rebutted solely based on the remarks of one witness that the Pentecostal church is now officially recognized by the Armenian government. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (BIA's determination regarding changed circumstances must be sufficiently individualized to rebut the presumption).

Accordingly, we remand Simonyan's asylum and withholding of removal claims on an open record. *See Soto-Olarte*, 555 F.3d at 1093-96, *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED**.